IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Edgar Santana and Michael McGuire, Individually and for a Class, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18 CV 50216 |
| v. | ) ) | Judge Philip G. Reinhard |
| Sheriff of Winnebago County and Winnebago County, Illinois, | ) ) ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, defendants' motions to dismiss [22], [30], are denied. Defendants' motions to sever (contained in their motions to dismiss [22], [30]) are granted. Plaintiffs have until January 25, 2019, to file new complaints. This case number shall remain for plaintiff Santana and plaintiff McGuire must file a new complaint and pay the $400 filing fee.

## STATEMENT-OPINION

On June 20, 2018, plaintiff Edgar Santana brought a complaint against the Sheriff of Winnebago County and Winnebago County, Illinois ("defendants") alleging a violation of the Americans with Disabilities Act ("ADA") and a deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. *See* [1]. On August 1, 2018, an amended complaint ("complaint") was filed by plaintiff Santana adding plaintiff McGuire to the claims. Specifically, plaintiffs complain while incarcerated as pretrial detainees at the Winnebago County Jail, they were denied proper psychotropic medication and that an express policy existed at the Winnebago County Jail depriving them of the proper medication without an adequate substitute. *Id*. Plaintiff Santana alleges he was discriminated against because of his disability in violation of the ADA. *Id*. On September 12, 2018, defendant Sheriff of Winnebago County filed a motion to dismiss the complaint [22]. On September 14, 2018, defendant Winnebago County, Illinois, filed a motion to join defendant Sheriff of Winnebago County's motion [30]. On September 26, 2018, plaintiffs filed their response [33], and on October 2, 2018, defendants filed their reply [34]. The motions are now ripe for the court's review.

I.  **Standard of Review**

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-

moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.' *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013). The complaint must instead call for "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting plaintiff's claims. *Twombly*, 550 U.S. at 556.

## II. Factual Background

The following facts are taken from plaintiffs' amended complaint. *See* [12].

Plaintiff Santana ("Santana") was detained at the Winnebago County Jail ("jail") from about September 21, 2016 until December of 2016. He was disabled pursuant to the ADA because of a mental illness. Prior to his detention at the jail, Santana was taking a variety of physician-prescribed psychotropic medications due to his mental illness. Santana required these medications in order to engage in ordinary life activities.

Plaintiff McGuire ("McGuire") was detained at the jail from about July 31, 2017, until June of 2018. Prior to his detention, McGuire was taking prescribed psychotropic medication because of a serious health need, to alleviate disabling anxiety and panic attacks. An abrupt discontinuation of the medication would cause McGuire painful withdrawal symptoms and would cause anxiety and panic attacks.

Both Santana and McGuire advised jail officials, on several occasions, of their need for their medications. Neither Santana nor McGuire received his prescribed psychotropic medication while detained at the jail. Plaintiffs were told by jail officials they could not receive their medications due to an express policy at the jail to deprive detainees of particular psychotropic medications without an attempt to provide detainees with substitute treatment.

Santana was discriminated against because of his disability and deprived of his rights under the ADA during his detention at the jail. Both plaintiffs were deprived of their constitutional rights.

## III.     Analysis

**Plaintiffs' medical conditions and ADA claims**

Defendants argue plaintiffs' complaint should be dismissed because (1) plaintiff Santana failed to allege facts establishing he is a qualified individual under the ADA[1]; (2) plaintiffs failed to allege serious medical conditions; and (3) in the alternative, plaintiffs' claims are improperly joined.

In response to the allegations in defendants' motion, plaintiffs provide additional facts in their brief. Plaintiffs argue the court may consider these additional facts, pursuant to Seventh Circuit precedent, because their assertions are consistent with their complaint. "A plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992). This practice, while allowed, is not helpful to the trial court and creates unnecessary briefing by its litigants. Taking advantage of this practice, in their response brief, plaintiffs added that plaintiff Santana had been diagnosed by a psychiatrist with a variety of mental health disorders, including schizophrenia, bipolar disorder, chronic depression, and anti-social personality disorder. Plaintiffs also added that Santana was receiving SSI benefits and that he could not engage in ordinary life activities including trouble sleeping, hearing voices, suffering extreme anxiety, and exhibiting confused thinking. Plaintiffs also indicated that plaintiff Santana had been prescribed Seroquel (to help Santana stop hearing voices) and Buspar (to help Santana control anxiety), but jail officials refused to provide him with these prescribed medications. As to plaintiff McGuire, plaintiffs added he suffered from panic disorder and had been taking Klonopin prior to his incarceration to help control this problem. Plaintiff McGuire allegedly had complained to jail officials about his debilitating panic attacks and was told the Klonopin was not available to him.

The Seventh Circuit has recognized mental illness (including panic attacks and panic disorder) as a serious medical condition for purposes of claims brought under the ADA as well as under 42 U.S.C. § 1983. *See Mayan v. Weed*, 310 Fed. App'x. 38 (7th Cir. 2009); *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989-90 (7th Cir. 2012); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766 (2014); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). Additionally, in *Estate of Robey by Robey v. City of Chicago*, No. 17-CV-2378, 2018 WL 688316 (N.D. Ill. Feb. 2, 2018) (St Eve, J.), relied upon by defendants, the court found plaintiff sufficiently alleged that his bipolar disorder was a qualifying mental impairment under the ADA. *Id*. at 2-3. Taking into consideration the additional facts provided by plaintiffs in their response brief, the court finds each plaintiff has sufficiently pled he suffers from a serious medical condition.

---

[1] Defendant Sheriff of Winnebago County's opening brief includes plaintiff McGuire in this ADA argument; however, plaintiffs' complaint appears to include only plaintiff Santana in the ADA argument.

As to plaintiff Santana's ADA claim specifically, a plaintiff must allege a physical or mental impairment that substantially limits one or more life activity. 42 U.S.C. 12102(2). In his response brief, plaintiff alleges he cannot engage in "ordinary" or "everyday" life activities including sleep troubles as well as confused thinking. In their reply brief, defendants argue these additional facts are insufficient to overcome the motion to dismiss because not even "conclusions" are pled which would address how Santana's mental illness impairs his life activities. In *Robey*, plaintiff argued that the allegations in her response brief that she suffered from bipolar disorder were sufficient to allege that the impairment was disabling, even without allegations concerning the impact of the disorder on her. *Robey*, 2018 WL 688316, at * 4. The district court disagreed: "The Seventh Circuit has rejected ADA claims where the plaintiff had a mental impairment – including bipolar disorder – but failed to provide any facts indicating that the impairment impacted major life activities." *Id*. Here, plaintiff Santana *has* provided facts, albeit minimal, demonstrating his mental illness impacted his ability to sleep and to think clearly. *See* 42 U.S.C. § 12102(2) – Definition of disability: "(2) major life activities include…sleeping…concentrating, [and] thinking." Therefore, the court finds, with the assistance of plaintiffs' response brief, plaintiff Santana has sufficiently alleged his is a qualified individual under the ADA.

**Claims improperly joined**

Defendants also argue plaintiffs' claims are improperly joined and should be severed. *See* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party."). Defendants allege that no facts have been pled to suggest (1) that the same jail officials were involved in the alleged deprivations; (2) that plaintiffs suffer from the same medical conditions; (3) that plaintiffs were denied the same medications; or (4) that plaintiffs were detained in the jail at the same time. In response, plaintiffs assert their complaint challenging an "express policy" at the jail to deprive detainees of certain psychotropic medications satisfies Fed. R. Civ. P. 8 and, therefore, plaintiffs are properly joined under Fed. R. Civ. P. 20(a) ("Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.").

Primarily, the court must determine whether plaintiffs' claims "aris[e] out of the same transaction [or] occurrence, or series of transactions or occurrences." *Id*. "Courts determine the logical relatedness of separate occurrences by considering a variety of factors, including whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely held policy." *Robinson v. Dart*, No. 13 C 1502, 2014 WL 222711, at * 2 (N.D. Ill. Jan. 21, 2014) (citations omitted). Defendants rely on *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952 (N.D. Ill. Aug. 30, 2010), for the argument that an alleged unconstitutional policy, in and of itself, is insufficient for joinder. *Id*. at * 2-3. In *Lozada* (concerning allegations of false arrests of multiple plaintiffs), the district court found that while the plaintiffs' arrests concerned some similarities, each arrest took place on a distinct date, at a particular location, and under unique circumstances. *Id*. at *3. Therefore, while the plaintiffs' policy claims created a

4

link between the plaintiffs, the court was still obligated to determine from each plaintiff's claims whether those facts fell within the alleged unconstitutional policy. *Id*. Accordingly, the court held that plaintiffs' claims should be heard as separate actions. *Id*. Plaintiffs argue *Robinson* and *Rivera v. Sheriff of Cook County*, No. 13 CV 4493, 2014 WL 1612569 (N.D. Ill. April 21, 2014), hold otherwise. However, in *Robinson*, while the court found that three plaintiffs were properly joined, the fourth plaintiff was not. *Robinson*, 2014 WL 222711, at * 4. There, the fourth plaintiff alleged a different medical issue which would require different medical evidence and different witnesses. *Id*. In *Rivera*, the court found the two plaintiffs properly joined because each plaintiff underwent the same drug field test, administered in the same deficient manner, by employees of the same office who received the same deficient training, pursuant to defendants' policies. *Rivera*, 2014 WL 1612569, at * 2. The court is unpersuaded by the reasoning in *Rivera* and finds this case to be more analogous to the *Lozada* and the fourth plaintiff in *Robinson*. Here, taking into consideration the additional facts included in plaintiffs' response brief, only one plaintiff is alleged to be "disabled" under the legal strictures of the ADA, the plaintiffs do not suffer from the same medical conditions, the plaintiffs were not prescribed the same medications, and the plaintiffs' detentions at the jail were almost a year apart (suggesting the jail officials they came into contact with may not have been the same). Under these facts, the court cannot say that plaintiffs' claims were part of the same series of transactions or occurrences. Accordingly, plaintiffs' claims should be heard as separate actions.

For the foregoing reasons, defendants' motions to dismiss plaintiffs' complaint [22], [30] as to their arguments plaintiff Santana failed to allege he is a "qualified individual" under the ADA, and plaintiffs failed to allege they suffered from serious medical conditions, is denied. Defendants' motions to sever plaintiff Santana's claims from plaintiff McGuire's claims, is granted. Plaintiffs have until January 25, 2019, to file separate complaints, if they wish to proceed with their respective litigation. The court directs plaintiffs to include the additional information contained in their response to defendants' motions to dismiss [33] in their new complaints.

Dated: 1/02/2019        ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Electronic Notices. (LC)