# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

Edgar Santana, Individually ) 
and for a Class, ) 
                                          ) 
                 Plaintiff, ) 
                                          )    Case No. 18 CV 50216 
               v. ) 
                                          )    Judge Philip G. Reinhard 
Sheriff of Winnebago County and ) 
Winnebago County, Illinois, ) 
                                          ) 
                     Defendants. )

## ORDER

For the following reasons, defendants' motion to dismiss class action allegation [45], is denied.

## STATEMENT-OPINION

On January 25, 2019, plaintiff Edgar Santana brought a second amended complaint against the Sheriff of Winnebago County and Winnebago County, Illinois ("defendants") alleging a violation of the Americans with Disabilities Act ("ADA") and a deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. *See* [43]. Specifically, plaintiff complains while incarcerated as pretrial detainees at the Winnebago County Jail, he was denied proper psychotropic medication and that an express policy existed at the Winnebago County Jail depriving him of the proper medication without an adequate substitute. *Id*. Plaintiff alleges he was discriminated against because of his disability in violation of the ADA. *Id*. On February 1, 2019, defendants Sheriff of Winnebago County and Winnebago County filed a motion to dismiss class action allegation contained in the complaint [45].[1] On March 1, 2019, plaintiff filed his response [60], and on March 6, 2019, defendants filed their reply [61]. The motion is now ripe for the court's review.

## I.    Standard of Review

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the

---

[1] On January 2, 2019, the court granted defendants' motion to sever additional plaintiff from the suit and denied defendants' motion to dismiss for failure to allege facts establishing plaintiff as a qualified individual under the ADA. *See* [42].

complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.' *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013). The complaint must instead call for "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting plaintiff's claims. *Twombly*, 550 U.S. at 556. "[T]o survive a motion to dismiss under Rule 12(b)(6), the plaintiff does not have to 'show' anything; he need only allege." *Brown v. Budz,* 398 F.3d 904, 914 (7th Cir. 2005). [2]

## II.   Plaintiff's second amended complaint

According to plaintiff's second amended complaint, plaintiff was detained at the Winnebago County Jail ("jail") from about September 21, 2016 until December 7, 2016. He was disabled pursuant to the ADA because of a mental illness. Prior to his detention at the jail, plaintiff was taking a variety of physician-prescribed psychotropic medications due to his mental illness and required these medications to engage in ordinary life activities.

Even though plaintiff advised jail officials, on several occasions, of his need for his medications, he did not receive his prescribed psychotropic medication while detained at the jail. Plaintiff's complaint alleges the jail held an express policy to deprive detainees of particular psychotropic medications without an attempt to provide detainees with substitute treatment.

Plaintiff states he was discriminated against because of his disability and deprived of his rights under the ADA during his detention at the jail.

Relevant to defendants' motion to dismiss, plaintiff's complaint states: "Plaintiff seeks to maintain this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and will file an appropriate motion after reasonable discovery on class issues."

## III.   Analysis

**Plaintiff's class action allegation**

---

[2] Plaintiff argues defendants' motion is more properly brought as a motion to strike under Federal Rule of Civil Procedure 12(f). This issue need not be addressed due to the court's decision to deny the motion to dismiss.

In their motion to dismiss, defendants argue plaintiff's allegation of proceeding as a class action, as set forth in his complaint, cannot meet the requirements of a class action under Federal Rule of Civil Procedure 23. Specifically, defendants state the facts pleaded in plaintiff's complaint demonstrate class certification is not appropriate to meet the requirements of Rule 23(a) and 23(b)(3) of commonality, predominance, typicality, adequacy, and superiority. Defendants argue plaintiff has not sufficiently pleaded facts to support the position that the potential members of the class would have adequate questions of law or fact in common, predominant over questions affecting only individual members; for example: plaintiff stands differently than other members of a potential class since he is no longer incarcerated and need not satisfy the exhaustion requirement of the Prison Litigation Reform Act, and potential class members' mental health conditions and the time periods of incarceration at the jail will vary greatly. These same arguments, according to defendants, apply to the typicality requirement as well as the requirement that plaintiff be an adequate representative of the class. Finally, defendants argue class action would not be superior to other available methods of adjudication of plaintiff's claims because it would be inefficient – members of the class being not similarly situated with the plaintiff.

In response to the assertions in defendants' motion, plaintiff agues, among other things, defendants' arguments that a proposed class could not satisfy the requirements of Rule 23(a) and 23(b)(3) is premature. The court agrees.

While "[t]he procedure of delaying a ruling on class certification until some amount of discovery is completed…is not ironclad or without exception," *DuRocher v. NCAA*, No. 1:13-CV-01570-SEB-DML, 2015 WL 1505675, at *6 (S.D. Ind. March 31, 2015), a recognized treatise on federal civil procedure has noted:

> Compliance with the Rule 23 prerequisites theoretically should not be tested by a motion to dismiss. The proper vehicle is Rule 23(c)(1)(A), which provides that, at an early practicable time, the court must "determine by order whether to certify the class as a class action." Therefore, a party wishing to challenge the validity of maintaining the action under Rule 23 should move for a determination under Rule 23(c)(1) that a class action is unwarranted.

Wright, Miller & Kane, *Federal Practice & Procedure*, Civil 3d § 1798.

In their motion to dismiss, defendants apply the legal analysis required for a finding of class certification under the federal rules. However, as explained by the Seventh Circuit:

> These are not inquiries that the court is free to make in a fact-free zone. Unlike a motion under [Rule] 12(b)(6), a motion to certify a class under Rule 23(c) is not one for which the court may 'simply assume the truth of the matters asserted by the plaintiff.' *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Instead, 'if there are material factual disputes, the court must receive evidence…and resolve the

3

> disputes before deciding whether to certify the class.' *Id*. (internal quotation marks omitted.) Sometimes it is necessary to conduct a preliminary inquiry into the merits, when the merits overlap with the considerations under Rule 23(b)(3). *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir 2001). The plaintiff bears the burden of proving by a preponderance of the evidence all necessary prerequisites to the class action. This normally means that some discovery related to the class certification issue must take place.

*Priddy v. Health Care Service Corp*, 870 F.3d 657, 660 (7th Cir. 2017).

For their part, defendants rely on *DuRocher* in support of their arguments. While *DuRocher* acknowledged that "a decision denying class status by striking class allegations at the pleading stage is inappropriate," and "class certification issues are better raised after the parties have had an opportunity to conduct class discovery and fully brief the motion for class certification," *DuRocher*, 2015 WL 1505675, at *5 (citations and quotations omitted), the district court for the Southern District of Indiana ultimately granted defendants' motion to strike plaintiffs' class action allegations, granting plaintiffs leave to replead as "[d]efendants ha[d]not definitively established that a class action [could not] be maintained in *any* form." *Id*. at *12 (quotations omitted). The court understands defendants' reliance on this case, however it is not precedential and the court declines to give it weight.

While the court today finds a motion to dismiss the class action allegation premature, the court does express doubt concerning plaintiff's position should he choose to bring a motion for class certification under Rule 23. The court finds some merit in defendants' arguments regarding the prerequisites of class certification and, therefore, suggests to plaintiff he give careful and well-reasoned consideration to any motion for class certification

For the foregoing reasons, defendants' motion to dismiss the class action allegation [45] is denied.

Dated: 04/25/2019           ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)